1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JUSTIN AND ANGELA PACUSKA,

11          Plaintiff,

12     v.                                        Case No. 05-5830

13   ALLIED VAN LINES, INC.,                     ORDER GRANTING PLAINTIFFS'
                                                 MOTION FOR REMAND
14          Defendant.

15

16       This matter comes before the Court on Plaintiffs' Motion for Remand to State Court.  After

17   reviewing all materials submitted by the parties and relied upon for authority, the Court is fully

18   informed and hereby grants Plaintiff's motion and remands this case to the state court.

19                          **INTRODUCTION AND BACKGROUND**

20       The material facts are undisputed.  The Plaintiffs served Defendant Allied Van Lines on

21   November 2, 2005 with a summons and complaint.  On December 8, 2005 counsel for Defendant

22   sent written correspondence to Plaintiff indicating an intention to remove the action to federal court

23   and making a written demand on Plaintiff, pursuant to Washington Superior Court Civil Rule 3 (CR

24   3), that the summons and complaint be filed with the Superior Court.  On December 13,  2005 the

25

26   ORDER - 1

1   summons and complaint were filed in the Superior Court of Washington for Clark County.  On

2   December 28, 2005 the Defendant filed a Notice of Removal with this Court asserting original

3   jurisdiction.  This Notice of Removal was filed within 30 days of the filing of the summons and

4   complaint, yet outside 30 days of service of the summons and complaint on the Defendant.  The

5   Plaintiff moves for remand to state court on the basis that the notice of removal is untimely.

6                                    **MOTION TO REMAND**

7          The burden of establishing federal jurisdiction is on the party seeking removal, and the

8   removal statute is strictly construed against removal jurisdiction.  Prize Frize, Inc. v. Matrix (U.S.),

9   Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant has the burden of showing that it has

10  complied with the procedural requirements for removal. Riggs v. Plaid Pantries, Inc., 233 F.Supp.2d

11  1260, 1264 (D.Or., 2001); Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D.Ariz. 1996).

12  There is a strong presumption against federal jurisdiction.  If there is any doubt as to the existence of

13  federal jurisdiction, the court should remand the matter to state court.  Gas v. Miles, Inc., 980 F.2d

14  564, 566 (9th Cir.1992).

15         Generally, "any civil action brought in a State court of which the district courts of the United

16  States have original jurisdiction, may be removed by the defendant or the defendants, to the district

17  court of the United States for the district and division embracing the place where such action is

18  pending." 28 U.S.C. § 1441(a); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090

19  (9th Cir. 2003).  Furthermore, any civil action of which the district courts have federal question

20  jurisdiction shall be removable without regard to the citizenship or residence of the parties.  28

21  U.S.C. § 1441(b).

22         The procedures for removing an action from state to federal court are set forth in 28 U.S.C. §

23  1446.  The removing defendant must comply with these procedures in order to invoke federal

24  removal jurisdiction.  Removal is accomplished only when the notice of removal is filed with the

25  district court and filed with the state court in which the action is pending.  28 U.S.C. § 1446(a) and

26  ORDER - 2

1   (d).  A defendant seeking to remove a civil action to federal court must file a notice identifying the

2   basis for removal "within 30 days after the receipt by the defendant, through service or otherwise, of

3   a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

4   based ..."  28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1447(c), a plaintiff may challenge the

5   propriety of removal based on procedural defects and move to remand a case to state court within 30

6   days after the filing of the notice of removal.  See,  N. Cal. Dist. Council of Laborers v.

7   Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 2003).

8           The Defendant contends removal is timely as notice was filed within 30 days of 'filing' the

9   summons and complaint.  The Plaintiff counters with the argument the notice is untimely because it

10  was not filed with this Court within 30 days after 'service of the summons and complaint' on the

11  Defendant.  Both parties rely upon Murphy Bros., Inc. v. Maced. Pipe Stringing, Inc., 526 U.S. 344

12  (1999), wherein the Supreme Court addressed the issue of when the 30-day removal period begins to

13  run.

14          In Murphy Brothers, plaintiff filed its complaint in Alabama state court and faxed a "courtesy

15  copy" of the filed complaint to the defendant.  After settlement negotiations failed, the plaintiff

16  officially served the defendant pursuant to local law.  The Supreme Court held that receipt of a

17  courtesy copy of a complaint, unaccompanied by a summons, does not trigger a defendant's time to

18  remove under § 1446(b).  Id., at 347-48.  As the Court explained:  "An individual or entity named as

19  a defendant is not obligated to engage in litigation unless notified of the action, and brought under a

20  court's authority, by formal process.  Accordingly, we hold that a named defendant's time to remove

21  is triggered by simultaneous service of the summons and complaint, or receipt of the complaint,

22  'through service or otherwise,' after and apart from service of the summons, but not by mere receipt

23  of the complaint unattended by any formal service."  Id.  In the course of its opinion, the Court

24  reviewed the legislative history of § 1446(b), noting, inter alia, that prior to 1949 § 1446(b) provided

25  that "[t]he petition for removal of a civil action or proceeding may be filed within twenty days after

26  ORDER - 3

1    commencement of the action or service of process, whichever is later." Id. at 351.  In 1949,

2    Congress amended the statute because in states such as New York, most notably, service of the

3    summons commenced the action, and such service could precede the filing of the complaint.  To

4    ensure that the defendant would have access to the complaint before commencement of the removal

5    period, Congress in 1949 enacted the current version of § 1446(b)." Id.

6          Near the conclusion of its opinion, the Court summarized the four categories of various state

7    provisions for service of the summons and the filing or service of the complaint. Id., at 254 (citing,

8    Potter v. McCauley, 186 F.Supp. 146, 149 (D.Md. 1960)).  The Court found that in each of the four

9    categories, the defendant's period for removal will be no less than 30 days from service, and in some

10   categories, it will be more than 30 days from service, depending on when the complaint is received.

11   First, if the summons and complaint are served together, the 30-day period for removal runs at once.

12   Second, if the defendant is served with the summons but the complaint is furnished to the defendant

13   sometime after, the period for removal runs from the defendant's receipt of the complaint.  Third, if

14   the defendant is served with the summons and the complaint is filed in court, but under local rules,

15   service of the complaint is not required, the removal period runs from the date the complaint is made

16   available through filing.  Finally, if the complaint is filed in court prior to any service, the removal

17   period runs from the service of the summons. Id., at 354.

18          It appears from the plain language of Murphy Brothers, that the instant action falls within the

19   first category.  The summons and complaint were served together and the 30-day period for removal

20   runs a once.  Accordingly, Allied Van Lines' notice of removal would be untimely.

21          Defendant, nonetheless contends that removal was timely because there was no lawsuit to

22   remove within 30 days of the date of the service of the summons and complaint.  Defendant removed

23   the action within 30 days of the filing of the complaint with the state court.  Defendant assets that

24   without prior filing with the court, Allied Van Lines did not receive a summons or complaint

25   'brought under any court's authority.'  Defendant contends that the unfiled summons and complaint

26   ORDER - 4

1    simply did not constitute 'pleadings' within the meaning of the removal statute.  Allied Van Lines

2    mere receipt of an un-filed 'summons' and 'complaint' can not trigger its time to remove the matter

3    to federal court because such a 'complaint' or 'summons' is a legal fiction since it is not brought

4    under a court's authority and there is not a civil action to remove.

5         Defendant's argument finds some support in the legislative history of the 1949 amendments

6    to 28 U.S.C. § 1446(b).  As noted in Murphy Brothers, "In some States suits are begun by the

7    service of a summons or other process without the necessity of filing any pleading until later.  As the

8    section now stands, this places the defendant in the position of having to take steps to remove a suit

9    to Federal court before he knows what the suit is about.  As said section is herein proposed to be

10   rewritten, a defendant is not required to file his petition for removal until 20 days [changed to 30

11   days] after he has received (or it has been made available to him) a copy of *the initial pleading filed*

12   *by the plaintiff* setting forth the claim upon which the suit is based and the relief prayed for. It is

13   believed that this will meet the varying conditions of practice in all the States." Id., at 352 (quoting

14   S.Rep. No. 303, 81st Cong., 1st Sess., 6 (1949)).

15        This language suggests that the Congress assumed that a complaint is always filed prior to

16   service of the complaint on the defendant.  Equating filing of a complaint with commencement is the

17   norm in civil practice.  The general federal rule is that a lawsuit is commenced at a discrete moment

18   in time: the filing of the original complaint in a court of competent jurisdiction.  Bush v.

19   Cheaptickets, Inc., 425 F.3d 683, 687 (9th Cir. 2005).  Such is not the case in Washington.

20        A party may not remove a case to federal court before it has commenced in state court.  Id.,

21   at 686.  The federal court must honor state court rules governing the commencement of civil actions

22   when an action is first brought in state court and then removed to federal court.  Id., at 686, 688;

23   Cannon v. Kroger Co., 837 F.2d 660, 664 (4th Cir. 1988).  Under Washington law, a civil action is

24   commenced by service of a summons and complaint *or* by filing a complaint.  RCW 4.28.020;

25   Washington Superior Court Civil Rule 3(a); Seattle Seahawks, Inc. v. King County, 128 Wn.2d 915,

26   ORDER - 5

917, 913 P.2d 375, 376 (1996).  Once an action is commenced by either service of summons and complaint or filing, the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings.  Id.  Thus, Washington law provides that an action is commenced with service of the summons and complaint.  The complaint and summons were served on Allied Van Lines on November 2, 2005.  According to state law this commenced the action and it was subject to removal.  Although not filed with the court, service of the complaint on Defendant is consistent with the purpose of the 1949 amendments to 28 U.S.C. § 1446(b) of ensuring  the defendant has access to the complaint before commencement of the removal period.

There is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal.  The notice provision of the removal statute provides that the defendant shall file with the district court a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.  28 U.S.C. § 1446(a).  Promptly after the filing of such notice of removal of a civil action the defendant shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.  28 U.S.C. § 1446(d).

This Court recognizes the potential difficulty arising where a notice of removal is filed with the clerk of the state court prior to the plaintiff paying the filing fee and filing the summons and complaint.  Nonetheless, Washington law provides that the state court action has been commenced and the state court has acquired jurisdiction.

Washington law permits a defendant to demand the plaintiff file the summons and complaint with the appropriate state court.   Washington Superior Court Civil Rule 3(a) provides that upon written demand by defendant, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void.  Nothing in the Washington court rules or the removal statute, 28 U.S.C. § 1446, prohibits a

ORDER - 6

1    defendant from providing service on the plaintiff a notice of removal together with a written demand

2    that the summons and complaint be filed with the appropriate state court.  Although not necessary to

3    effectuate removal, use of such a procedure would ensure the state court's awareness of removal.

4         With due consideration of the rule that the removal statute is strictly construed against

5    removal and that any doubts as to the existence of federal jurisdiction require remand, the Court

6    finds the Defendant's notice of removal was untimely.  28 U.S.C. § 1446(b) provides the defendant

7    must file a notice of removal "within 30 days after the receipt by the defendant, through service or

8    otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

9    proceeding is based."  The receipt of service of summons and the complaint initiates the running of

10   the 30-day period in which to file notice of removal.  Washington law provides that service of the

11   summons and complaint commences a civil action.  Accordingly, Defendant's notice of removal, filed

12   after the expiration of 30 days from the date of service of summons and complaint on the Defendant,

13   is untimely.  The Court will grant Plaintiff's motion for remand to state court.

## CONCLUSION

15        For the reasons set forth above Plaintiff's Motion for Remand to State Court will be granted.

16        ACCORDINGLY,

17        IT IS ORDERED:

18        Plaintiff'S Motion to Remand to State Court [Dkt. #5] is GRANTED.

19   DATED this 1st day of March, 2006.


                                        FRANKLIN D. BURGESS
                                        UNITED STATES DISTRICT JUDGE



26   ORDER - 7